# VIRGINIA:

*In the Court of Appeals of Virginia on* Thursday *the* 20th *day of* December, 2012.

Donald Joseph Conley,                                                                              Petitioner,

against          Record No. 0575-10-1

Commonwealth of Virginia,                                                                         Respondent.

Upon Remand from the Supreme Court of Virginia

In accordance with the mandate of the Supreme Court of Virginia entered on November 20, 2012 and the opinion of that Court rendered on November 1, 2012, the order previously entered by this Court *en banc* on December 16, 2011 is reversed and annulled, the July 14, 2011 stay of the panel's June 15, 2011 decision is vacated, the panel's June 15, 2011 judgment is reinstated, and the matter is remanded to the Circuit Court of the City of the City of Chesapeake for sentencing for a conviction of driving under the influence, second offense.

This order shall be certified to the Circuit Court of the City of Chesapeake.

A Copy,

Teste:

*original order signed by the Clerk of the
Court of Appeals of Virginia at the direction
of the Court*

Clerk

# VIRGINIA:

In the Court of Appeals of Virginia on Wednesday the 15th day of June, 2011.

Donald Joseph Conley,                                                            Petitioner,

against            Record No. 0575-10-1

Commonwealth of Virginia,                                                        Respondent.

Upon a Petition for a Writ of Actual Innocence

Before Judges Frank, Beales, and Powell

Andrew G. Wiggin (Andrew G. Wiggin, PC, on briefs), for petitioner.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General, on brief), for respondent.

Donald Joseph Conley petitioned this Court for a writ of actual innocence based upon newly-discovered, non-biological evidence, pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia, alleging that his June 28, 2004 conviction for driving under the influence, third offense (hereinafter "third offense DUI") should be vacated because the April 26, 2004 conviction (hereinafter "second offense DUI") used to prove the predicate offense was subsequently dismissed on appeal for violation of his right to a speedy trial when he appealed that conviction from general district to circuit court. For the reasons that follow, we grant Conley's petition for a writ of actual innocence.

## I. Background

On June 28, 2004, Conley was convicted of third offense DUI and was sentenced to five years, with three years suspended. As proof of the third offense, the Commonwealth entered a general district court conviction order for his second offense DUI. This Court affirmed his third offense DUI conviction in a memorandum opinion issued on December 20, 2005. See Conley v. Commonwealth, Record No. 2813-04-1 (Va. Ct. App. December 20, 2005).

On September 14, 2005, Conley filed a petition for a writ of habeas corpus in the Supreme Court of Virginia asking, *inter alia*, for leave to appeal his second offense DUI conviction to the circuit court. The Supreme Court of Virginia granted Conley's request for a writ of habeas corpus on March 17, 2006. No further action was taken in that case until counsel was appointed on November 15, 2009.

On January 22, 2010, Conley moved the circuit court to dismiss his second offense DUI charge, alleging a violation of his statutory and constitutional speedy trial rights. The circuit court dismissed the second offense DUI charge and entered a release order on February 25, 2010. On March 26, 2010, Conley filed a petition for a writ of actual innocence arguing that he is actually innocent of felony third offense DUI because the misdemeanor second offense DUI used to prove third offense DUI no longer exists.

## II. Analysis

The Court of Appeals of Virginia has original jurisdiction to consider a petition for a writ of actual innocence based on newly-discovered, non-biological evidence filed by any individual "convicted of a felony upon a plea of not guilty." Code § 19.2-327.10; see also Carpitcher v. Commonwealth, 273 Va. 335, 342, 641 S.E.2d 486, 490 (2007). "The writ shall lie to the court that entered the conviction . . . ." Code § 19.2-327.10.

To obtain a writ of actual innocence, a petitioner must allege, *inter alia*, that the newly-discovered evidence

> (1) "was previously unknown or unavailable to the petitioner or his trial attorney of record at the time the conviction became final in the circuit court;" Code § 19.2-327.11(A)(iv);
>
> (2) "is such as could not, by the exercise of diligence, have been discovered or obtained before the expiration of 21 days following entry of the final order of conviction by the court;" Code § 19.2-327.11(A)(vi);
>
> (3) "is material and when considered with all of the other evidence in the current record, will prove that no rational trier of fact could have found proof of guilt beyond a reasonable doubt;" Code § 19.2-327.11(A)(vii); and

(4) "is not merely cumulative, corroborative or collateral." Code
§ 19.2-327.11(A)(viii).

Carpitcher, 273 Va. at 343-44, 641 S.E.2d at 491.

Conley's petition for a writ of actual innocence presents this Court with a very unique set of facts that distinguishes it from other cases that have come before this Court. As stated above, Conley was convicted of DUI second in general district court on April 26, 2004. An appeal from that conviction was not timely perfected. Conley was subsequently awarded a writ of habeas corpus ordering that he be permitted to pursue an appeal from his general district court conviction to the circuit court.

Here, petitioner argues that he is actually innocent of his conviction for third offense DUI because his conviction for second offense DUI was ultimately dismissed before going to trial in circuit court. The Attorney General argues that we should consider the distinction between legal innocence and factual innocence, asserting that a prior conviction remains available as a predicate offense until the petitioner has been shown to be factually innocent of the prior offense. The Attorney General's argument fails for at least two reasons. First, "because the appeal of a conviction from the general district court to circuit court results in a trial *de novo*, perfecting the appeal in the district court renders the judgment a nullity." Corbin v. Commonwealth, 44 Va. App. 196, 208, 604 S.E.2d 111, 117 (2004) ("An appeal *de novo* from a general district court to a circuit court annuls the former judgment as completely as if no trial had ever occurred."). "[T]he judgment appealed from is completely annulled, and is not thereafter available for any purpose." Preston v. Commonwealth, 14 Va. App. 731, 733, 419 S.E. 2d 288, 290 (1992). Therefore, the conviction for second offense DUI could not, as a matter of law, serve as a predicate offense. Second, on an appeal from general district court to circuit court, once the conviction is annulled, the defendant is presumed innocent.

It is in this light that we consider whether the *newly-discovered* evidence that Conley cannot be convicted of DUI second for the offense that previously led to his April 26, 2004 general district court conviction "when considered with all of the other evidence in the current record, will prove that no

-3-

rational trier of fact could have found proof of guilt beyond a reasonable doubt[.]"[1] Code § 19.2-327.11(A)(vii). The Attorney General asserts that it is the record at the time of Conley's conviction that ought to be considered, but the Code clearly contemplates that we consider "all of the other evidence in the *current* record" when determining whether "no rational trier of fact could have found proof of guilt beyond a reasonable doubt[.]" Id. (emphasis added). Thus, the concern for this Court when evaluating a petition for a writ of actual innocence is the evidence before us today and not only what was known on the day that Conley was convicted of third offense DUI.[2]

"Code § 18.2-270 sets forth the penalties for a defendant convicted of driving while intoxicated or under the influence in violation of Code § 18.2-266." McBride v. Commonwealth, 24 Va. App. 30, 33, 480 S.E.2d 126, 127 (1997). A person convicted of DUI for the first or second time is guilty of a Class 1 misdemeanor. Code § 18.2-270(A). Code § 18.2-270(C) provides that "[a]ny person *convicted* of three or more offenses of § 18.2-266 committed within a 10-year period shall *upon conviction* of the third offense be guilty of a Class 6 felony . . . ." (emphases added). The prior convictions must be alleged and proven for the increased penalty to be appropriate.

---

[1] The dissent contends that through the exercise of diligence Conley or his attorney could have learned that the appeal of the DUI second had not been properly perfected *before* Conley was convicted of DUI third. This assertion focuses on the wrong "fact" as it is the fact that Conley can *never* be convicted of DUI second for the offense that resulted in the April 26, 2004 general district court conviction that is the *newly-discovered* evidence, not the fact that the appeal was not properly perfected.

Additionally, the dissent focuses on whether Conley exercised due diligence by not informing the trial court of the missed appeal. The dissent goes on to discuss what the trial court might have done with this information. Because the focus of this case is on the fact that the DUI second was subsequently dismissed and because the discussion of what the trial court would have done with the information of a missed appeal calls for speculation, the decision in this case cannot be based on that argument.

[2] At oral argument, the Attorney General argued that the term "previously unknown or unavailable" evidence envisioned evidence that actually existed at the time of trial but was just either unknown or unavailable. We reject this very limited interpretation. It appears that the legislative drafters intended a more expansive read as they referred often to "recanted testimony" or "confessions" as the evidence on which a writ might be based. Because it is not unusual for a recantation or a confession to be made after the trial, the evidence cannot logically be limited to only that evidence that actually existed at the time of trial.

-4-

> The purposes of an allegation in a warrant or indictment that an accused has been previously convicted of a similar offense are to put him on notice that proof of his prior conviction will be introduced in evidence, and to permit the imposition of a heavier punishment if the second or subsequent offense is proved. For the heavier punishment to be imposed by the jury or the court trying the case without a jury, "the prior offense must be charged and proven."

Calfee v. Commonwealth, 215 Va. 253, 254-55, 208 S.E.2d 740, 741-42 (1974) (quoting Commonwealth v. Ellett, 174 Va. 403, 409, 413, 4 S.E.2d 762, 764, 766 (1939)) (decided under a prior statute). Thus, for a person to be guilty of the Class 6 felony, the Commonwealth must prove that the defendant was previously convicted of DUI on at least two prior occasions.

> "'[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'" Conger v. Barrett, 280 Va. 627, 630, 702 S.E.2d 117, 118 (2010) (alteration in original) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). "'When the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" Commonwealth v. Morris, 281 Va. 70, 76, 705 S.E.2d 503, 505 (2011) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). And "'[i]f a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.'" Id. (quoting Conyers, 273 Va. at 104, 639 S.E.2d at 178).

Commonwealth v. Amerson, 281 Va. 414, 418-19, 706 S.E.2d 879, 882-83 (2011). The language of Code § 18.2-270 is unambiguous and clearly speaks in terms of convictions. A conviction is "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty[;] [t]he judgment (as by a jury verdict) that a person is guilty of a crime." Black's Law Dictionary 384 (9th ed. 2009). An offense, however, is simply the underlying "violation of the law . . . ." Id. at 1186. Here, with the conviction for second offense DUI being rendered a nullity upon appeal to the circuit court and the subsequent dismissal of that offense without a trial, the record before us reveals one, not two, prior convictions. Thus, upon consideration of all the other evidence in the current record, no rational fact finder could find proof of Conley's guilt of DUI third beyond a reasonable doubt.

### III.  Conclusion

For the foregoing reasons, we grant Conley's petition for a writ of actual innocence and remand the matter for sentencing for a DUI second conviction.

_____

Beales J., dissenting.

I respectfully dissent.  Conley has not actually produced the required *newly* discovered evidence that could not have been – with proper diligence – discovered before this matter left the jurisdiction of the trial court.

Conley essentially presents only one fact that is even potentially material to whether the trial court "could have" convicted Conley of felony third-offense DUI beyond a reasonable doubt, Code § 19.2-327.11(A)(vii) – i.e., the fact that Conley's April 26, 2004 misdemeanor DUI conviction was never appealed from the general district court to the circuit court, despite Conley's specific instruction to his counsel at the time to pursue Conley's absolute right to appeal for a trial *de novo* under Code § 16.1-132.[3]  The trial court relied on evidence of this prior conviction (and another prior conviction that is not at issue here) when it found Conley guilty of felony DUI.

However, Conley has not shown clearly and convincingly that the failure to appeal this prior misdemeanor DUI conviction simply could not "have been discovered" by Conley *or* by Conley's trial attorney, with "the exercise of diligence," *and communicated* to the trial court during the felony DUI trial on June 28, 2004 – or at any time before "the expiration of 21 days following entry of the final order" convicting Conley of a felony third DUI offense on November 9, 2004.  Code § 19.2-327.11(iii), (vi).  Simply put, Conley fails to show that he exercised the necessary (and basic) diligence to ensure that the trial court was aware of a relevant and material fact at his felony DUI trial.

_____

[3] Code § 16.1-132 provides, in pertinent part, "Any person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court."

-6-

Conley's lack of diligence during the felony DUI trial is especially important here because he could have presented the trial court with more than just a bare allegation that his counsel in the general district court had frustrated his intent to appeal one of his predicate DUI convictions. Conley did, eventually, file a *pro se* petition for a writ of habeas corpus seeking a delayed appeal of the April 26, 2004 misdemeanor DUI conviction – which the Supreme Court granted only about six months after Conley filed his habeas corpus petition. Significantly, the Commonwealth *conceded* that Conley was entitled to a delayed appeal of that misdemeanor DUI conviction *less than four months* after Conley filed his habeas corpus petition. *More than four months* elapsed between Conley's June 28, 2004 felony DUI trial and his November 9, 2004 sentencing hearing, when the trial court entered its final felony DUI conviction order – and the trial court, of course, retained jurisdiction for an additional twenty-one days until November 30, 2004 under Rule 1:1 – more than five months after the trial. If Conley had simply acted with any diligence to file his habeas corpus petition, he would have had *plenty* of time to present the trial court with what would have been at least the inevitable concession by the Commonwealth that Conley was entitled to a delayed appeal of the April 26, 2004 misdemeanor DUI conviction.

Simply put, Conley fails to prove clearly and convincingly that he acted with the diligence required under the actual innocence statute. Since this Court lacks authority to issue a writ of actual innocence unless *all* of the statutory requirements enacted by the General Assembly have been proven by clear and convincing evidence, Code § 19.2-327.13(ii), I must respectfully dissent.

## I. Background

Conley was convicted of his second misdemeanor DUI on April 26, 2004. Conley had ten days to appeal this conviction to the circuit court for a trial *de novo*. Code § 16.1-132. Simply appealing that general district court conviction to the circuit court would have "negate[d] any judgment entered in that prior proceeding," thereby "annul[ling] the judgment of the inferior tribunal as completely as if there had been no previous trial." Baker v. Elmendorf, 271 Va. 474, 479, 628 S.E.2d 358, 361 (2006). Therefore, if the April 26, 2004 misdemeanor DUI conviction *had* been appealed to the circuit court for

-7-

a trial *de novo*, the certified copy of the general district court's conviction would not have been valid proof of a prior misdemeanor DUI conviction. See Preston v. Commonwealth, 14 Va. App. 731, 733, 419 S.E. 2d 288, 290 (1992).

It is undisputed that Conley instructed his counsel in the general district court proceeding to appeal – and that Conley's counsel never pursued this appeal. Consequently, even though Conley *sought* an appeal to the circuit court, Conley's misdemeanor DUI conviction in the general district court became final when the ten-day appeal period expired.

Indeed, the April 26, 2004 misdemeanor DUI conviction became final weeks *before* Conley was even indicted for felony DUI, third offense, on June 1, 2004. Thus, the fact that this misdemeanor DUI conviction had not been appealed (contrary to Conley's instructions) *could* have been discovered before Conley's felony DUI trial even occurred on June 28, 2004. Certainly, the failure to appeal the misdemeanor DUI conviction could have been discovered *and communicated to the trial court* at Conley's felony DUI trial – or when Conley was sentenced months later, on November 9, 2004, *or* at any time during the next twenty-one days that the trial court retained jurisdiction. See Rule 1:1.

However, the trial court was never informed that the April 26, 2004 misdemeanor DUI conviction *should* have been – but was not – appealed to the circuit court for a trial *de novo*. Finding that Conley had a pair of valid prior misdemeanor DUI convictions, the trial court convicted Conley of felony DUI, third offense.

On September 14, 2005 – nearly a year after the trial court lost jurisdiction over the felony DUI charge – Conley filed a petition for a writ of habeas corpus alleging that he had been denied his right to appeal the April 26, 2004 misdemeanor DUI conviction through the inaction of his counsel in the general district court. On January 9, 2006, the Commonwealth *conceded* that Conley had been denied his right to appeal due to the ineffective assistance of counsel, and the Supreme Court granted Conley a writ of habeas corpus on March 31, 2006. The Supreme Court restored Conley's right to appeal his April 26, 2004 misdemeanor DUI conviction, and Conley appealed to the circuit court for a trial

-8-

*de novo*. On February 25, 2010, the circuit court granted Conley's motion to dismiss this misdemeanor DUI charge on speedy trial grounds.

In his petition for a writ of actual innocence, Conley does not allege or establish that he could not have discovered the failure to appeal the April 26, 2004 misdemeanor DUI conviction in time to raise that fact to the trial court's attention. Moreover, Conley does not allege or establish that he was unable to pursue a delayed appeal through habeas corpus relief during the many months that the trial court exercised jurisdiction over the felony DUI charge.

## II. ANALYSIS

### A. REQUIREMENTS TO OBTAIN A WRIT OF ACTUAL INNOCENCE

A petitioner seeking a writ of actual innocence faces a high burden of proof. The General Assembly requires that petitions for writs of actual innocence:

> shall allege categorically and with specificity, under oath, all of the following: (i) the crime for which the petitioner was convicted, and that such conviction was upon a plea of not guilty; (ii) that the petitioner is actually innocent of the crime for which he was convicted; (iii) an exact description of the previously unknown or unavailable evidence supporting the allegation of innocence; (iv) that such evidence was previously unknown or unavailable to the petitioner or his trial attorney of record at the time the conviction became final in the circuit court; (v) the date the previously unknown or unavailable evidence became known or available to the petitioner, and the circumstances under which it was discovered; (vi) *that the previously unknown or unavailable evidence is such as could not, by the exercise of diligence, have been discovered or obtained before the expiration of 21 days following entry of the final order of conviction by the court*; (vii) the previously unknown or unavailable evidence is material and when considered with all of the other evidence in the current record, will prove that no rational trier of fact could have found proof of guilt beyond a reasonable doubt; and (viii) the previously unknown or unavailable evidence is not merely cumulative, corroborative or collateral.

Code § 19.2-327.11(A) (emphasis added). The General Assembly has enacted this statute that authorizes this Court to grant a writ of actual innocence and vacate a conviction "only upon a finding that the petitioner has proven by clear and convincing evidence *all* of the allegations contained in clauses (iv) through (viii) of subsection A of § 19.2-327.11, and upon a finding that no rational trier of

-9-

fact could have found" the petitioner guilty beyond a reasonable doubt. Code § 19.2-327.13(ii) (emphasis added); see Johnson v. Commonwealth, 273 Va. 315, 321-22, 641 S.E.2d 480, 484 (2007); Carpitcher v. Commonwealth, 273 Va. 335, 343-44, 641 S.E.2d 486, 491 (2007).

### 1. The Nature of Actual Innocence

Given that "[a]ctual innocence means factual innocence, not mere legal insufficiency," Sousley v. United States, 523 U.S. 614, 615 (1998), "the General Assembly intended to provide relief [under the Virginia actual innocence statutes] only to those individuals who can establish that they did not, as a matter of fact, commit the crimes for which they were convicted." Carpitcher, 273 Va. at 345, 641 S.E.2d at 492. A writ of actual innocence is available only when a petitioner "affirmatively prov[es] in court that he is innocent" of the crime for which he was convicted, Wilson v. Commonwealth, 54 Va. App. 631, 642-43, 681 S.E.2d 74, 80 (2009), and a petitioner cannot rely solely on legal effects or interpretations in satisfying this burden. See In re Newman, 44 Va. App. 146, 148, 603 S.E.2d 654, 655 (2004).

The General Assembly created the writ of actual innocence to provide limited relief from the constraints of Rule 1:1, which provides that all final judgments and orders "shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." The General Assembly recognized that affirmative evidence of a person's actual innocence sometimes comes to light long after the trial court relinquishes jurisdiction. However, the General Assembly also placed the burden on the petitioner for a writ of actual innocence to establish that the previously unknown or unavailable evidence "could not be discovered or obtained prior to the trial court's loss of jurisdiction." In re Adams, 44 Va. App. 266, 267, 604 S.E.2d 746 (2004).

For the purpose of writs of actual innocence, therefore, the General Assembly's intent is clear. Writs of actual innocence should be based on the presentation of newly discovered affirmative evidence of innocence, Carpitcher, 273 Va. at 345, 641 S.E.2d at 492 – not on the "retroactive interpretation and application of the legal effect of decisions of law." In re Rhodes, 44 Va. App. 14, 15-16, 602 S.E.2d

-10-

408, 409 (2004). If such affirmative evidence of innocence is in any way available to a defendant *or* the defendant's trial attorney, then that evidence cannot later be used to support the issuance of a writ of actual innocence. See Code § 19.2-327.11(A)(iii) (requiring that the newly discovered evidence be "previously unknown or unavailable to the petitioner *or* his trial attorney of record at the time the conviction became final in the circuit court") (emphasis added).

### 2. The Required "Exercise of Diligence"

Under the statutory test enacted by the General Assembly for determining actual innocence, the previously unknown or undiscoverable evidence must have been unavailable to the petitioner *or* to the petitioner's trial attorney. Code § 19.2-327.11(A)(ii). Thus, this Court must examine the diligence of *both* the petitioner *and* the petitioner's trial attorney of record when this Court considers whether a writ of actual innocence should be granted. Code § 19.2-327.11(A)(vi). If the newly discovered evidence *was* available to the petitioner, *or* to the petitioner's trial attorney, or to both, then the petitioner fails to satisfy the General Assembly's requirement of exercising diligence in order to obtain a writ of actual innocence. In short, both the petitioner and his trial attorney must exercise diligence in bringing any factual problems of which they are aware (or should be aware) to the attention of the trial court – and at least making the trial court aware of them.

The Supreme Court of Virginia has defined "diligence" as "'devoted and painstaking application to accomplish an undertaking,'" and has noted that the use of the noun "diligence" is often associated with the legal concept of "due diligence." Dennis v. Jones, 240 Va. 12, 19, 393 S.E.2d 390, 393 (390) (quoting Webster's Third New International Dictionary 633 (1981)). "Due diligence" is "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case." STB Marketing Corp. v. Zolfaghari, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990). Although due diligence does not "require that every possibility, no mater how remote, be exhausted," due diligence does require "a good faith, reasonable

-11-

effort" by a litigant. McDonnough v. Commonwealth, 25 Va. App. 120, 129, 486 S.E.2d 570, 574 (1997).

While there is apparently no published case law specifically discussing "the exercise of diligence" requirement enacted by the General Assembly for petitions for writs of actual innocence based on newly discovered, non-biological evidence, the "reasonable diligence" standard for motions for a new trial based on after-discovered evidence perhaps is instructive here. Under this standard, "'a party who seeks a new trial on the ground of after-discovered evidence must show that he used reasonable diligence to secure such evidence before the earlier trial.'" Lewis v. Commonwealth, 209 Va. 602, 609, 166 S.E.2d 248, 253 (1969) (quoting Fulcher v. Whitlow, 208 Va. 34, 38, 155 S.E. 362, 365). "'[T]he burden is on the mover to show to the court that he has exercised due or reasonable diligence to ascertain relevant facts before trial, and that such diligence did not reveal the existence of, nor show the probability of the existence of, the evidence now relied upon.'" Orndorff v. Commonwealth, 271 Va. 486, 502, (2006) (quoting Mason v. Commonwealth, 154 Va. 890, 894-95, 153 S.E. 684, 685 (1930)). Furthermore, "[i]t is not sufficient to say that the evidence could not have been discovered by the use of due diligence. The applicant for a new trial must set forth in affidavits facts showing what his efforts were to obtain the evidence and explaining why he was prevented from securing it." Lewis, 269 Va. at 609, 166 S.E.2d at 253 (internal quotation marks and citation omitted).

Unlike the granting of a motion for a new trial, the issuance of a writ of actual innocence does not merely order a new trial, but instead *vacates* a conviction upon a finding that *no* rational factfinder could have found the petitioner guilty beyond a reasonable doubt. A declaration of actual innocence is extraordinary relief. See Burks v. Dubois, 55 F.3d 712, 718 (1st Cir. 1995). It logically follows, therefore, that the "exercise of diligence" standard for actual innocence petitions in Virginia must be at least as exacting as the "reasonable diligence" standard for motions for a new trial – if not even *more* exacting.

-12-

## B. Why Conley Fails to Satisfy the Requirements for Actual Innocence

### 1. Conley's Claim of Actual Innocence

Here, Conley claims that he is actually innocent of felony DUI, third offense. However, he relies on a retroactive application of the Supreme Court of Virginia's March 17, 2006 order granting Conley leave to file a delayed appeal of his April 26, 2004 misdemeanor DUI conviction by the general district court. See In re Rhodes, 44 Va. App. at 15-16, 602 S.E.2d at 409. Both Conley's subsequent appeal of that misdemeanor conviction to the circuit court for a trial *de novo* – as well as the circuit court's ultimate dismissal of that charge on speedy trial grounds – resulted from the Supreme Court's decision of law that Conley had originally been denied his right to appeal the April 26, 2004 misdemeanor conviction due to the ineffective assistance of counsel. They reflect *legal* consequences flowing from the Supreme Court's decision of law – not pieces of evidence proving that "no rational trier of fact could have found" Conley *factually* guilty of DUI, third offense, at his felony trial.[4] Code § 19.2-327.11(A)(vii). Contra United States v. Maybeck, 23 F.3d 888, 892 (4th Cir. 1994) (where Maybeck proved that he did not, *in fact*, have a prior state conviction for armed robbery and, therefore, was actually innocent of being a career offender under the federal sentencing guidelines at the time of his trial in federal district court); cf. United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) (explaining that the actual innocence standard is not satisfied when a petitioner shows that he is legally – but not factually – innocent).

Conley's reliance on consequences subsequent to the Supreme Court's decision of law cannot cure the fact that he simply did not exercise the diligence required under the actual innocence statute when the felony DUI charge was still within the trial court's jurisdiction. The failure to appeal the April

---

[4] The circuit court's February 25, 2010 dismissal of the second misdemeanor DUI charge resulted from Conley's delayed appeal of that matter to the circuit court. This delayed appeal was available to Conley only through the Supreme Court's decision to grant Conley habeas corpus relief. Therefore, the events forming the basis for Conley's claim of actual innocence flow entirely from the Supreme Court's decision of law that Conley had been denied his right to appeal the April 26, 2004 misdemeanor conviction due to the inaction of his counsel in the general district court.

-13-

26, 2004 misdemeanor DUI conviction *could* have been discovered by Conley or by Conley's trial attorney representing him on the felony third-offense DUI charge, but apparently was not ever presented to the trial court in this case.[5] Conley has not presented any evidence that he alerted the trial court that he tried to appeal the second DUI conviction. In addition, he did not file a habeas corpus petition during the many months that this matter was before the trial court. Therefore, in my view, Conley has failed to satisfy the clear requirement established by the General Assembly for "the exercise of diligence" in the trial court.

## 2. The Importance of Exercising Diligence Here

In order to convict Conley of felony DUI, third offense, the Commonwealth was required to prove beyond a reasonable doubt that Conley had, in fact, been convicted of two prior DUI offenses within the required time period. Code § 18.2-270(C). Proof of Conley's two valid prior misdemeanor DUI convictions loomed, of course, as a highly material issue of fact to be decided at Conley's felony DUI trial. Therefore, any evidence raising a reasonable doubt about either prior conviction potentially was affirmative evidence of Conley's innocence from a third DUI offense.

However, either Conley's trial attorney did not ask Conley whether those convictions had been appealed to the circuit court for a trial *de novo*, or Conley simply did not tell his trial attorney that he thought the April 26, 2004 conviction had been appealed to the circuit court (as Conley had instructed his previous counsel to do). Regardless of the reason, Conley's trial attorney apparently was not aware prior to or at the felony DUI trial that one of Conley's recent prior DUI convictions *should* have been appealed – but was not appealed – to the circuit court.

---

[5] As the petitioner seeking a writ of actual innocence, Conley is certainly required to present a sufficient record for this Court to conclude that he has met all of the requirements for obtaining a writ of actual innocence by clear and convincing evidence. See Code § 19.2-327.13(ii). However, nothing in the materials supporting Conley's petition for a writ of actual innocence establishes or even hints that the trial court was made aware that the second misdemeanor DUI conviction had not been appealed to the circuit court despite Conley's instruction to his counsel in general district court to appeal that prior conviction.

-14-

When the Commonwealth offered the certified copy of the general district court's April 26, 2004 conviction order at Conley's felony trial, Conley certainly *could* have mentioned that he had instructed his counsel in general district court to appeal that prior conviction to the circuit court. See People v. Barnslater, 373 Ill. App. 3d 512, 526 (Ill. Ct. App. 2007) ("[D]ue diligence assumes at least some level of deductive reasoning in *an active effort* to discover evidence based on the knowledge and information already possessed by the litigants.") (internal quotation marks and citation omitted). However, Conley never raised this objection (nor did his trial attorney make it). Thus, even though Conley *had specifically instructed* that the April 26, 2004 conviction be appealed to the circuit court, Conley did not exercise enough diligence at his own felony DUI trial to ensure that his trial attorney, the prosecutor, and especially the trial court were aware that there was a problem with the appeal of this prior conviction.

### a. *Conley Should Have Alerted the Trial Court*

We cannot know what the trial court might have done if it had known that the April 26, 2004 predicate misdemeanor DUI conviction was not appealed due to the inaction of Conley's counsel in the general district court. "Had petitioner, however, raised this issue at the trial level, which he failed to do, the [trial] court at least would have been able to address it." Wilson v. Ercole, 2009 U.S. Dist. LEXIS 23447, at *27-28 (E.D.N.Y. Mar. 23, 2009) (finding that the petitioner was procedurally barred from raising an actual innocence claim under the federal standard due to his lack of diligence at trial) (citing Garvey v. Duncan, 485 F.3d 709, 719 (2nd Cir. 2007)). It was incumbent upon *Conley*, either himself or through his trial attorney, to discover and bring the failure to appeal the second misdemeanor DUI conviction to the trial court's attention so that the trial court could even have the *opportunity* to act. Cf. Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (explaining the principle that a trial court must be afforded "an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals").

If Conley had simply mentioned that he had instructed his counsel in the general district court to appeal the April 26, 2004 prior misdemeanor DUI conviction, then the trial court might not have found him guilty of felony DUI, *third* offense on June 28, 2004. For example, the trial court might have agreed to continue the felony DUI trial while Conley sought to obtain leave from the Supreme Court to pursue a delayed appeal of the second prior DUI conviction on the ground of ineffective assistance of counsel – the very same basis for the Supreme Court's March 17, 2006 order granting Conley leave to pursue a delayed appeal of that prior conviction. Even if asking for a continuance (or for any other relief available to Conley under the circumstances) might have appeared futile at the time,[6] the *apparent* futility of such a request was not sufficient cause to relax the diligence requirement under the actual innocence statute. Cf. Bousley v. United States, 523 U.S. 614, 623 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (quoting Engle v. Isaac, 456 U.S. 107, 130 n.5 (1982)). Conley simply fails to clearly and convincingly establish that he acted in a "devoted and painstaking" manner to discover and present all material facts to the trial court. Dennis, 240 Va. at 19, 393 S.E.2d at 393 (defining "diligence"); see Code § 19.2-327.11(a)(vi).

---

[6] The granting of habeas relief restored Conley's right to appeal the second misdemeanor DUI conviction from the general district court to the circuit court – thereby curing the actual failure to appeal that misdemeanor DUI conviction to the circuit court within ten days of the general district court's conviction order. Nothing in the materials before this Court suggests that Conley could not have made *precisely the same claim* for habeas corpus relief while his felony DUI trial was under the trial court's jurisdiction. Furthermore, if Conley had moved the trial court for a continuance while he pursued habeas corpus relief, the trial court certainly *could* have considered, in its sound discretion, whether a continuance was sought for "the purpose of delay or to evade trial by any unfair tactics" – or whether it was made with "due diligence on the part of the accused" and "in absolute good faith." Lacks v. Commonwealth, 182 Va. 318, 323, 28 S.E.2d 713, 715 (1944).

-16-

### b. *Conley Should Promptly Have Filed the Habeas Corpus Petition and, Therefore, Would Have Obtained the Quickly-Made Concession by the Commonwealth in Time for the Trial Court to Act*

Conley's lack of diligence is especially important here, given that the Commonwealth *conceded* that Conley was denied the right to appeal the April 26, 2004 misdemeanor DUI conviction. If Conley or Conley's trial attorney had discovered and diligently pursued Conley's meritorious claim of ineffective assistance of counsel, then Conley's right to appeal this predicate conviction could have been restored before the trial court relinquished jurisdiction over Conley's felony DUI charge.

Conley eventually filed a *pro se* petition for habeas corpus on September 14, 2005. Less than four months later, on January 9, 2006, the Commonwealth submitted its amended answer – and *did not contest any of the facts* supporting Conley's ineffective assistance of counsel claim. Instead, the Commonwealth indicated that it was "constrained to admit that through no fault of his own [Conley] was denied his right to appeal" the April 26, 2004 misdemeanor DUI conviction. The Commonwealth acknowledged that Conley was "entitled to an opportunity to file belatedly an appeal" to the circuit court for a trial *de novo*. The Supreme Court then promptly granted Conley's uncontested request for habeas corpus relief on March 17, 2006.

As discussed above, Conley was indicted for felony DUI, third offense, on June 1, 2004. His felony DUI trial occurred four weeks later, on June 28, 2004. However, Conley's sentencing took place more than *four* months later, on November 9, 2004, and the trial court retained jurisdiction over the felony DUI charge for an *additional* twenty-one days after that date – until November 30, 2004. See Rule 1:1. Therefore, Conley had plenty of time (1) to discover and pursue his habeas corpus claim, (2) to obtain the Commonwealth's concession in which it conceded that he was *entitled* to a belated appeal of his April 26, 2004 misdemeanor DUI conviction, and then (3) to present the Commonwealth's concession to the trial court as evidence that one of his prior misdemeanor DUI convictions was extremely suspect.

-17-

Indeed, even if Conley's petition for habeas corpus relief had not been filed until June 30, 2004 – after the felony DUI trial had already occurred – since the Commonwealth's concession was made less than four months after Conley filed his habeas corpus petition, that concession would have been made while the matter was still comfortably under the jurisdiction of the trial court here – and, in fact, before the trial court in this case even held its sentencing hearing.

In short, if Conley or Conley's trial attorney had acted with such basic diligence during the many months that the trial court exercised its jurisdiction over the felony DUI charge, then the trial court would have had an opportunity to reconsider its finding that the Commonwealth's burden of proof had been met beyond a reasonable doubt. The trial court would have been aware of the Commonwealth's concession that Conley had been denied his right to appeal the second prior DUI conviction to the circuit court. At that point, Conley could (and should) have moved the trial court for a continuance (or any appropriate relief) to determine if the Supreme Court would accept the Commonwealth's concession – which, of course, the Supreme Court rather promptly did only about six months after Conley filed his habeas corpus petition.

Upon the restoration of Conley's right to appeal that misdemeanor DUI conviction for a trial *de novo*, the trial court would not have been able to consider the general district court's April 26, 2004 misdemeanor DUI conviction order as proof of a prior DUI conviction. See Preston, 14 Va. App. at 733, 419 S.E. 2d at 290. In short, the final result in the trial court might have been significantly different if Conley or Conley's trial attorney had exercised the diligence to discover and appropriately convey the problem with considering the April 26, 2004 misdemeanor DUI conviction in the general district court as proof of a prior DUI conviction. In my view, such diligence was necessary and required for obtaining a writ of actual innocence, given the explicit wording used by the General Assembly in Code § 19.2-327.11(vi).

Simply put, neither Conley nor Conley's attorney exercised the necessary diligence to bring Conley's previous counsel's failure to timely appeal that prior conviction to the trial court's attention

-18-

at the felony DUI trial, or at the sentencing hearing, or during the twenty-one-day period following the entry of its final order while the trial court still retained jurisdiction – or even to file and pursue the habeas corpus petition that was much later filed. Given that both Conley and his trial attorney failed to raise a relevant and significant factual issue to the trial court's attention while it had the opportunity to act, why should Conley now benefit from a petition for a writ of actual innocence? Based on the language of the actual innocence statute, it is my view that the General Assembly never intended for a writ of actual innocence to be granted in a case such as this – where "the exercise of diligence" has not been proven clearly and convincingly. Code § 19.2-327.11(vi).

## III. CONCLUSION

The failure to appeal Conley's April 26, 2004 misdemeanor DUI conviction – despite Conley's instruction to appeal – is the underlying circumstance supporting Conley's entire petition for a writ of actual innocence. Conley fails to prove by clear and convincing evidence that this circumstance "could not, by the exercise of diligence, have been discovered or obtained before the expiration of 21 days following entry of the final order of conviction" by the trial court. Code § 19.2-327.11(A)(vi). Neither Conley nor his trial attorney representing him at the trial for the felony DUI conviction ever timely alerted the trial court that Conley had instructed his previous counsel to appeal his second misdemeanor DUI conviction to the circuit court – or tried to challenge that conviction in any way, including in a habeas corpus petition, until long after the matter was no longer under the jurisdiction of the trial court, despite the fact that it was under the trial court's jurisdiction for over five months after the trial occurred. Under the actual innocence statute, both Conley and his trial attorney were required to exercise enough diligence to so timely inform the trial court. Consequently, I do not believe that this Court is authorized by the actual innocence statute, as enacted by the General Assembly, to issue a writ of actual innocence in this matter.

Therefore, I respectfully dissent.

-19-

The Circuit Court of the City of Chesapeake shall allow court-appointed counsel for the petitioner a fee of $725 and counsel's necessary direct-out-of-pocket expenses.

A Copy,

Teste:

*original order signed by the Clerk of the Court of Appeals of Virginia at the direction of the Court*

Clerk